Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts  Help

# REGISTER OF ACTIONS
## CASE NO. 2017DCV0978

| | | |
|---|---|---|
| Lizette Rodriguez VS Allstate Fire and Casualty Insurance Company | §<br>§<br>§<br>§<br>§ | Case Type: **Deceptive Trade Practices**<br>Date Filed: **03/23/2017**<br>Location: **448th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Allstate Fire and Casualty Insurance Company** | |
| **Plaintiff** | **Rodriguez, Lizette** | **MICHELLE C. LE**<br>*Retained*<br>210-490-7402(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/23/2017 | **Original Petition (OCA)**      Doc ID# 1 |
| 03/23/2017 | **E-File Event Original Filing** |
| 03/23/2017 | **Case Information Sheet**      Doc ID# 2 |
| 03/23/2017 | **E-File Event Original Filing** |
| 06/12/2017 | **Request**      Doc ID# 3 |
| 06/15/2017 | **Citation** |

Allstate Fire and Casualty Insurance Company          Served              06/26/2017
                                                       Response Due        07/17/2017
                                                       Returned            06/29/2017

| | |
|---|---|
| 06/16/2017 | **Letter**      Doc ID# 4 |
| 06/26/2017 | **Notice of Appearance**        Doc ID# 5 |



EXHIBIT
B

El Paso County - 448th District Court

Filed 3/23/2017 10:17:13 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0978

CAUSE NO._____

| | | |
|---|---|---|
| LIZETTE RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff LIZETTE RODRIGUEZ, files this Original Petition against ALLSTATE FIRE

AND CASUALTY INSURANCE COMPANY (the "INSURANCE DEFENDANT"), and in

support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules

of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore,

Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control

plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in El Paso County, Texas.

Defendant is in the business of insurance in the State of Texas.  The insurance business

done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

**EXHIBIT**

**B-1**

1

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else they may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in El Paso County, Texas because all or part of the conduct giving rise to the causes of action were committed in El Paso County, Texas and the Plaintiff and property which is the subject of this suit are located in El Paso County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 7432 Mesquite Flor, El Paso, Texas 79934 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about October 21, 2015, under Claim number 0388682908 and Policy number 000986494818, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT

2

cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

3

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was

reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

**A.      BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.      NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.      UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of

misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.   THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment

6

of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### VI.
### KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VII.
### DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of

INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

8

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
### REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
### FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a

9

claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

**XI.**

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**XII.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY:__ /s/Michelle C. Le_____
        Michelle C. Le
        State Bar No. 24085427
        michelle.le@krwlawyers.com
        Kevin S. Baker
        State Bar No. 00797799
        kevin@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

11

El Paso County - 448th District Court

## CIVIL CASE INFORMATION SHEET

Filed 3/23/2017 10:17:13 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0978

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Lizette Rodriguez v. Allstate Fire and Casualty Insurance

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Michelle C. Le | Email: jennifer@krwlawyers.com | Plaintiff(s)/Petitioner(s): Lizette Rodriguez | ☒ Attorney for Plaintiff/Petitioner __ Pro Se Plaintiff/Petitioner __ Title IV-D Agency __ Other: |
| Address: 16500 San Pedro, Suite 302 | Telephone: 210-490-4357 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, Texas 78232 | Fax: 210-490-8372 | Defendant(s)/Respondent(s): Allstate Fire and Casualty Insurance Company | Custodial Parent: |
| Signature | State Bar No: 24085427 | | Non-Custodial Parent: |
| | | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒ Consumer/DTPA __ Debt/Contract __ Fraud/Misrepresentation __ Other Debt/Contract: | __ Assault/Battery __ Construction __ Defamation *Malpractice* __ Accounting __ Legal __ Medical __ Other Professional Liability: | __ Eminent Domain/ Condemnation __ Partition __ Quiet Title __ Trespass to Try Title __ Other Property: | __ Annulment __ Declare Marriage Void *Divorce* __ With Children __ No Children | __ Enforcement __ Modification—Custody __ Modification—Other |
| *Foreclosure* __ Home Equity—Expedited __ Other Foreclosure __ Franchise __ Insurance __ Landlord/Tenant __ Non-Competition __ Partnership __ Other Contract: | __ Motor Vehicle Accident __ Premises *Product Liability* __ Asbestos/Silica __ Other Product Liability List Product: _____ Other Injury or Damage: | **Related to Criminal Matters** __ Expunction __ Judgment Nisi __ Non-Disclosure __ Seizure/Forfeiture __ Writ of Habeas Corpus— Pre-indictment __ Other: | | **Title IV-D** __ Enforcement/Modification __ Paternity __ Reciprocals (UIFSA) __ Support Order |
| | | | **Other Family Law** __ Enforce Foreign Judgment __ Habeas Corpus __ Name Change __ Protective Order __ Removal of Disabilities of Minority __ Other: | **Parent-Child Relationship** __ Adoption/Adoption with Termination __ Child Protection __ Child Support __ Custody or Visitation __ Gestational Parenting __ Grandparent Access __ Parentage/Paternity __ Termination of Parental Rights __ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| __ Discrimination __ Retaliation __ Termination __ Workers' Compensation __ Other Employment: | __ Administrative Appeal __ Antitrust/Unfair Competition __ Code Violations __ Foreign Judgment __ Intellectual Property | __ Lawyer Discipline __ Perpetuate Testimony __ Securities/Stock __ Tortious Interference __ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| __ Tax Appraisal __ Tax Delinquency __ Other Tax | *Probate/Wills/Intestate Administration* __ Dependent Administration __ Independent Administration __ Other Estate Proceedings | __ Guardianship—Adult __ Guardianship—Minor __ Mental Health __ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| __ Appeal from Municipal or Justice Court __ Arbitration-related __ Attachment __ Bill of Review __ Certiorari __ Class Action | __ Declaratory Judgment __ Garnishment __ Interpleader __ License __ Mandamus __ Post-judgment | __ Prejudgment Remedy __ Protective Order __ Receiver __ Sequestration __ Temporary Restraining Order/Injunction __ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***

__ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
__ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
__ Over $200,000 but not more than $1,000,000
__ Over $1,000,000

**EXHIBIT**

**B-2**

Rev 2/13

El Paso County - 448th District Court

# KRW

KETTERMAN | ROWLAND | WESTLUND

## ATTORNEYS AT LAW

Greg Allen TX
Kevin S. Baker TX
Philip G. Bernal* TX
Perry J. Dominguez II TX
Taylor W. Harper TX
Joshua S. Hadley TX
Kris Hufstedler TX
David M. Kelner PA,NY,NJ

Douglas D. Ketterman* TX,IL
Matthew D. Ketterman TX,MN
Brennan M. Kucera TX,LA
Desiree Marrufo TX
Chris Mazzola TX
Jay Moore TX
Robert F. Mulhearn III LA
Robert A. Pollom TX

Courtney R. Potter TX
Jake S. Rogiers TX
Michael R. Rowland TX
Brian C. Steward* TX
Cole Thompson TX
Ryan A. Todd TX,DC
R. Scott Westlund TX

*Board Certified - Personal Injury Trial Law Texas Board of Legal Specialization*

Filed 6/12/2017 3:59:23 P
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0978

June 12, 2017

El Paso County District Clerk's
500 East San Antonio Street
El Paso, Texas 79901

*VIA e-filing*
*and U.S. First Class Mail*

RE:   *Lizette Rodriguez v. Allstate Fire and Casualty Insurance Company*

Dear Clerk:

With regard to the above-referenced matter, please issue one (1) citation for service on the following Defendant:

**Allstate Fire and Casualty Insurance Company**
**By serving its registered agent**
**CT Corporation System**
**1999 Bryan Street, Ste. 900**
**Dallas, Texas 75201**

The fee for said citation was satisfied with the filing of Plaintiff's Original Petition.

Enclosed is a file-stamped copy of Plaintiff's Original Petition, along with a pre-paid stamped envelope for the return of the citation. We will perfect service by private process.

Should you have any questions, please do not hesitate to contact this office at your earliest convenience.

Respectfully,

/s/Adela Q. Garcia

Adela Q. Garcia
Legal Secretary
San Antonio Office

/ag

**EXHIBIT**
**B-3**

| MAIN OFFICE - SAN ANTONIO | ABILENE | AUSTIN | BEAUMONT | HOUSTON | LAKE CHARLES | PHILADELPHIA |
|---|---|---|---|---|---|---|
| 16500 SAN PEDRO #302 | 104 PINE ST STE 301 | 701 BRAZOS ST #710 | 755 S 11TH ST #270 | 4801 WOODWAY #155 | 427 KIRBY ST | 1500 JFK BLVD #1730 |
| SAN ANTONIO, TX 78232 | ABILENE, TX 79601 | AUSTIN, TX 78701 | BEAUMONT, TX 77701 | HOUSTON, TX 77056 | LAKE CHARLES, LA 70601 | PHILADELPHIA, PA 19102 |
| P: (210) 490-4357 | P: (325) 437-2424 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 |
| F: (210) 490-8372 | F: (325) 437-3837 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 |

KRWLAWYERS.COM

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** which may be served with process by serving its registered agent, **C T CORPORATION SYSTEM at 1999 BRYAN STREET, DALLAS, TX 75201 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition (OCA) at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 23rd day of March, 2017 by Attorney at Law, MICHELLE C. LE, 16500 SAN PEDRO, SUITE 302, SAN ANTONIO, TX 78232 in this case numbered **2017DCV0978** on the docket of said court, and styled:

**LIZETTE RODRIGUEZ vs. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 15th day of June, 2017.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave.,
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _____ , Deputy
JoAnn Fernandez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**EXHIBIT**
**B-4**

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   By _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - 448th District Court

**KETTERMAN | ROWLAND | WESTLUND**

**ATTORNEYS AT LAW**

Greg Allen †§
Kevin S. Baker §
Philip G. Bernal* §
Perry J. Dominguez II §
Taylor W. Harper §
Joshua S. Hanley §
Kris Hufsteller §
David M. Kelner § ‡§

Douglas D. Ketterman* † §
Matthew D. Ketterman † § §
Brennan M. Kucera † § †§
Desiree Marrufo §
Chris Mazzola §
Jay Moore §
Robert F. Mulhearn III † §
Robert A. Pollom §

Courtney R. Potter §§
Jake S. Rogiers §
Michael R. Rowland §
Brian C. Steward* §
Cole Thompson §
Ryan A. Todd § §
R. Scott Westlund §§

*Board Certified - Personal Injury Trial Law Texas Board of Legal Specialization

Filed 6/12/2017 3:59:23 P
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0978

June 12, 2017

El Paso County District Clerk's
500 East San Antonio Street
El Paso, Texas 79901

*VIA e-filing*
*and U.S. First Class Mail*

RE:   *Lizette Rodriguez v. Allstate Fire and Casualty Insurance Company*

Dear Clerk:

With regard to the above-referenced matter, please issue one (1) citation for service on the following Defendant:

**Allstate Fire and Casualty Insurance Company**
**By serving its registered agent**
**CT Corporation System**
**1999 Bryan Street, Ste. 900**
**Dallas, Texas 75201**

The fee for said citation was satisfied with the filing of Plaintiff's Original Petition.

Enclosed is a file-stamped copy of Plaintiff's Original Petition, along with a pre-paid stamped envelope for the return of the citation. We will perfect service by private process.

Should you have any questions, please do not hesitate to contact this office at your earliest convenience.

Respectfully,

/s/Adela Q. Garcia

Adela Q. Garcia
Legal Secretary
San Antonio Office

/ag

**EXHIBIT**
**B-5**

MAIN OFFICE - SAN ANTONIO
16500 San Pedro #302
San Antonio, TX 78232
P: 210-490-4357
F: 210-490-4372

ABILENE
104 Pine St Ste 301
Abilene, TX 79601
P: 325-437-2424
F: 325-437-3837

AUSTIN
701 Brazos St #710
Austin, TX 78701
P: 855-579-3299
F: 888-916-1717

BEAUMONT
755 S 11th St #270
Beaumont, TX 77701
P: 855-579-3299
F: 888-916-1717

HOUSTON
4801 Woodway #155
Houston, TX 77056
P: 855-579-3299
F: 888-916-1717

LAKE CHARLES
427 Kirby St
Lake Charles, LA 70601
P: 855-579-3299
F: 888-916-1717

PHILADELPHIA
1500 JFK Blvd #170
Philadelphia, PA 19102
P: 855-579-3299
F: 888-916-1717

KRWLAWYERS.COM

Filed 6/26/2017 9:55 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0978

## CAUSE NO. 2017DCV0978

| | | |
|---|---|---|
| **LIZETTE RODRIGUEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **V.** | § | **448th JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **El PASO COUNTY, TEXAS** |

### NOTICE OF APPEARANCE OF COUNSEL

TO THE HONORABLE JUDGE OF THE COURT:

NOTICE is hereby given that AMY C. GURECKY of KETTERMAN ROWLAND & WESTLUND has on this day made her appearance in this cause as Lead Counsel for Plaintiff, LIZETTE RODRIGUEZ.

Plaintiff requests that all parties take notice of such representation, and that the above-named counsel be copied on all correspondence.

WHEREFORE, Plaintiff, LIZETTE RODRIGUEZ requests that the designation be made in the Court's file and that copies of all future notices and electronic notifications be furnished to the above-named counsel.

Respectfully submitted,

By: /s/ Amy C. Gurecky
  Amy C. Gurecky
  State Bar No. 24097780
  KETTERMAN, ROWLAND & WESTLUND
  16500 San Pedro, Ste. 302
  San Antonio, TX 78232
  E-mail: amy.gurecky@krwlawyers.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT**
**B-6**

El Paso County - 448th District Court

Filed 6/29/2017 8:12 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0978

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** which may be served with process by serving its registered agent, **C T CORPORATION SYSTEM at 1999 BRYAN STREET, DALLAS, TX 75201 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition (OCA) at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 23rd day of March, 2017 by Attorney at Law, MICHELLE C. LE, 16500 SAN PEDRO, SUITE 302, SAN ANTONIO, TX 78232 in this case numbered **2017DCV0978** on the docket of said court, and styled:

## LIZETTE RODRIGUEZ vs. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 15th day of June, 2017.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By: _____, Deputy
JoAnn Fernandez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**EXHIBIT**
**B-7**

**RETURN**

Came on hand on ___23___ day of _JUNE_____, 20_17_, at _2:00_ o'clock
_P_ M., and executed in ___DALLAS_____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
| | MONTH | DAY | YEAR | Hour | Min. | .M. | From Court House |
|---|---|---|---|---|---|---|---|
| ALLSTATE FIRE | 06 | 26 | 2017 | 09 | 00 | AM | 1999 BRYAN SUITE 900 |
| ¢ CASUACTY | | | | | | | DALLAS, TX |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   By _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _AllSTATE FIRE ¢ CASUALTY_____,
_____ on the _26_ day of _JUNE_____,
20_17_, at _9:00_ o'clock _A_ m. this copy of this instrument.   _9.30.2018_
_ELOY BRAVO-SQ/2065__, Sheriff/Agent
_DALLAS_____County, Texas
By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _26_ DAY OF _JUNE_____, 20_17_.

(SEAL)

_Nelly Bravo_____
**NOTARY PUBLIC, STATE OF TEXAS**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLSTATE FIRE & CASUALTY
CT CORPORATION
1999 BRYAN #900
DALLAS, TX 75201

9590 9402 3083 7124 7622 67

2. Article Number (Transfer from service label)

7016 1370 0000 1996 7267

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Chris Wells                        JUN 2 6 2017

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature                  ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®                  ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery   ☐ Return Receipt for Merchandise
☐ Collect on Delivery              ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery   ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark
Here

NOONEN'S POSTAGE #1 78247  SAN ANTONIO, TX

Sent To
ALLSTATE FIRE & CASUALTY / CT
Street and Apt. No., or PO Box No.
1999 BRYAN STREET, SUITE 900
City, State, ZIP+4®
DALLAS, TEXAS 75201

7016 1370 0000 1996 7267

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

El Paso County - 448th District Court

Filed 7/14/2017 2:37 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0978

## CAUSE NO. 2017DCV0978

| | | |
|---|---|---|
| **LIZETTE RODRIGUEZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **448TH JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | **EL PASO COUNTY, TEXAS** |

### ORIGINAL ANSWER OF DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

Comes now, Allstate Fire and Casualty Insurance Company ("Defendant"), Defendant in the above-entitled action, files its Original Answer and would show as follows:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegations contained within Plaintiff's Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendant Allstate Fire and Casualty Insurance Company prays that upon final trial and hearing hereof, Plaintiff recover nothing from Defendant, but Defendant goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

**EXHIBIT**
**B-8**

---

ORIGINAL ANSWER OF DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY –
PAGE 1
2773325v1
03646.970

Respectfully submitted,

/s/ Brandt R. Johnson
Brandt R. Johnson
State Bar No. 00794030
Roger D. Higgins
State Bar No.  09601500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Facsimile:     (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: brjohnson@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on July 14 2017, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Kevin S. Baker
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

/s/ Brandt R. Johnson
Brandt R. Johnson